<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONALD ABDULLAH MUHAMMAD, | : | |
| | : | |
| Plaintiff, | : | Civil No. 13-1983 (FLW) |
| | : | |
| v. | : | |
| | : | |
| DR. CALABRESE, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Donald Abdullah Muhammad, *Pro Se*
#15921
Ann Kline Forensic Center
P.O. Box 7717
Trenton, NJ 08628

**WOLFSON, District Judge**

Plaintiff, Donald Abdullah Muhammad, a pre-trial detainee confined at the Ann Kline Forensic Center in Trenton, New Jersey seeks to bring this section 1983 action *in forma pauperis* ("IFP"). Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28

U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint should be dismissed.[1]

## BACKGROUND

Plaintiff asserts claims against various defendants, who are all employees of the Ann Kline Forensic Center ("Ann Kline") where he is currently detained while he awaits trial.[2]  He alleges that he was denied proper medical care in violation of his constitutional rights.  In particular, Plaintiff states that on October 28, 2012, he was transferred to Ann Kline for a 30-day evaluation.  He further alleges that, while there, "he was subject to prejudice, maltreatment and medical malpractice,

---

[1]   Plaintiff recently filed a Motion for Emergency Relief (ECF No. 6), which asserts the same claims as his Complaint.  As none of the allegations in his request for emergent relief suggest that he is in grave danger, or facing an enhanced risk of serious physical injury, the Court concludes that this motion does not warrant separate analytical treatment.  Moreover, the Court concludes, infra, that Plaintiff's Complaint fails to state a claim upon which relief may be granted, accordingly, Plaintiff's emergent motion will be dismissed as moot.

[2]   Plaintiff brings his claims against Defendants in their individual capacities for damages, and in their official capacities for injunctive relief.

2

improper care, hate crimes, mental anguish and due process of law." (Compl., Stat. of Facts, ECF No. 1-1, p. 2 of 7).  In addition, Plaintiff alleges a "failure to doctor duties [sic] and obligations as a professional and legal responsibilities as a doctor- which cause me to suffer from post-traumatic stress as a result of evaluation discrimination and abuse of authority as a professional person[]."  (*Id.* at p. 3 of 7).

With regard to Defendant Dr. Trivini, Plaintiff alleges that Dr. Trivini refused to give Plaintiff medical care and pain medication for three months, which resulted in Plaintiff suffering severe pain in his legs and feet and prevented him from completing his usual daily duties. (*Id.* at p. 4 of 7).  With regard to Dr. Ferguson, Plaintiff alleges that the doctor denied Plaintiff "a fair psychiatric evaluation to obtain money under false pretense." (*Id.* at p. 5 of 7).

Plaintiff further suggests that the alleged denial of medical treatment was motivated by religious animus.  He asserts that he has suffered "barbaric treatment," at the hands of the defendants, "because of [his] status as a Sunni Muslim in the Islamic faith- Imam."  (*Id.* at p. 2 of 7).

Plaintiff seeks monetary and other relief, as well as appointment of counsel. (Compl., ¶ 7; Application for *Pro Bono* Counsel, D.E. 3).

3

DISCUSSION

## 1. **Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the  proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that

4

the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*).

While the Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible, s*ee Iqbal*, 556 U.S. 677–679. *See also Twombly*, 505 U.S. at 555, & n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012), the Third Circuit has recently cautioned that *Twombly* and *Iqbal* "do not provide a panacea for defendants . . . ." *Covington v. Int'l Ass'n of Approved Basketball Officials*, --- F.3d ----, 2013 WL 979067, *2 (3d Cir. March 14, 2013) (quoting *Iqbal*, 556 U.S. at 679). The plausibility standard "is not akin to a 'probability requirement.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556).

## 2. **Section 1983 Actions**

Through the vehicle of 42 U.S.C. § 1983, plaintiff may seek redress for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### 3.   <u>Plaintiff's Complaint Fails to State a Claim</u>

Examining the merits of Plaintiff's Complaint, this Court finds that the claims, as pled, fail to withstand *sua sponte* screening.

Plaintiff is a pretrial detainee, as such, his denial of medical care claims are examined under the Fourteenth Amendment's Due Process Clause. *See City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 243–45 (1983) (holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those confined in jail awaiting trial); *Jackson v. City of* Philadelphia, Case Nos. 12-2986, 12-3187, 2013 WL 363463, *3 (3d Cir. Jan. 31, 2013)(slip copy);

*Hubbard v. Taylor* ("*Hubbard I*"), 399 F.3d 150, 158 (3d Cir. 2005); *Fuentes v. Wagner*, 206 F.3d 335, 341 n.9 (3d Cir. 2000). Thus, in assessing the denial of medical care to a pretrial detainee, the inquiry is whether the denial was "imposed for the purpose of punishment or whether it [was] but an incident of some other legitimate governmental purpose." *Bell*, 441 U.S. at 538.

Here, in the body of the complaint, Plaintiff makes allegations solely against Defendants Dr. Trivini and Director Ferguson. Because Plaintiff does not allege any facts as to the remaining defendants, these defendants must be dismissed from this action without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, the claims Plaintiff asserts against Dr. Trivini and Director Ferguson are vague. As to Defendant Trivini, Plaintiff states only that Dr. Trivini "negligently denied me medical attention and pain relievers for three months." (Compl., Statement of Facts). As to Defendant Ferguson, Plaintiff asserts only that Director Ferguson improperly sought to "obtain money under false pretense." (*Id.* at ¶ 5). These meager, unspecific facts do not plausibly suggest that Plaintiff suffered a deprivation of his due process rights. *Accord Aruanno v. Smith*, Civ. Action No. 09-1070 (JLL), 2011 WL 2580402, *4 (D.N.J. Jun. 27, 2011)("Although the body of the complaint mentions [various defendants] by name, the factual assertions against these

defendants are too vague and conclusory to 'nudge' Plaintiff's claims of denial of medical care 'across the line from conceivable to plausible,' as required to satisfy the *Iqbal* standard.")(citation omitted). Moreover, by his own admission, Plaintiff asserts only negligence on the part of the defendants. (Compl., Stat. of Facts, ECF No. 1-1, p. 3 of 7). Allegations of negligence do not support a section 1983 claim. *See Robinson v. Temple Univ. Health Svcs.*, 2012 WL 6183603 at *2 (3d Cir. Dec. 12, 2012)(unpubl.) (Plaintiff's "complaint alleged mere negligence-- a state of mind insufficient to support relief [under § 1983].")(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Iqbal*, 556 U.S. at 678). Hence, even if Plaintiff's allegations against Dr. Trivini and Director Ferguson were adequate under *Iqbal*, his claims against them would nonetheless fail.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff may reopen this case in accordance with the attached Order upon filing of a motion to reopen and an amended complaint, with factual allegations that pass muster under *Iqbal.* Plaintiff's Application for *Pro Bono*

Counsel is dismissed as moot, as is Plaintiff's Motion for

Emergency Relief.

     An appropriate Order follows.


                                        s/Freda L. Wolfson
                                        FREDA L. WOLFSON
                                        United States District Judge

Dated: May 2, 2013